IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| ADRIANE OLVERA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No.  3:24-CV-01285-N |
| § | |
| HENDERSON COUNTY, TEXAS, § | |
| *et al.*, § | |
| § | |
| Defendants. § | |

### MEMORANDUM OPINION AND ORDER

This Order addresses Defendant Henderson County's motion to dismiss for improper venue, or in the alternative, to transfer venue [4] and Defendant Southern Health Partners, Inc.'s ("SHP") motion to dismiss for improper venue, or in the alternative, to transfer venue [8]. For the following reasons, the Court denies the motions.

### I. ORIGINS OF THE DISPUTE

Plaintiff Adriane Olvera is suing Defendants Henderson County; SHP; Philip R. Taft; Philip R. Taft, Psy.D & Associates, PLLC ("Taft PLLC"); and Kevin Jeffries under 42 U.S.C. § 1983 for the alleged harm she suffered while detained at the Henderson County Jail.  Pl.'s Compl. ¶¶ 3–4, 6–10 [1].  Henderson County is a political subdivision located in the Eastern District of Texas, Tyler Division.  *Id.* ¶ 9; Henderson County's Br. 1 [5].  SHP is an out-of-state corporation that provides medical care in facilities across Texas.  Pl.'s Compl. ¶ 10.  Taft PLLC is a company based in Corsicana, Texas, and Philip R. Taft is a resident there as well.  *Id.* ¶¶ 6–7.  And Kevin Jeffries is a

MEMORANDUM OPINION AND ORDER – PAGE 1

resident of Texas. *Id.* ¶ 8. Henderson County and SHP now move to dismiss for improper venue, or alternatively to transfer the case to the Eastern District of Texas, Tyler Division. Henderson County's Br. 13–14; SHP's Br. 1 [10].

## II. RULE 12(B)(3) STANDARD

Under Rule 12(b)(3), a party may move to dismiss a claim for improper venue. FED. R. CIV. P. 12(b)(3). Venue is proper in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). For purposes of venue, an entity-defendant "shall be deemed to reside . . . in any judicial district in which such defendant is subject to the court's personal jurisdiction." 28 U.S.C. § 1391(c)(2). To determine whether an exercise of personal jurisdiction comports with due process, "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum State." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985).

Contacts with the forum State can give rise to either specific or general personal jurisdiction. *Admar Int'l, Inc. v. Eastrock, L.L.C.*, 18 F.4th 783, 786 (5th Cir. 2021). Specific personal jurisdiction exists when (1) the defendant "purposely directed its activities toward the forum state or purposefully availed itself of the privileges of conducting activities there," (2) the plaintiff's "cause of action arises out of or results from the defendant's forum-related contacts," and (3) "the exercise of personal jurisdiction is fair and reasonable." *See, e.g.*, *Shambaugh & Son, L.P. v. Steadfast Ins. Co.*, 91 F.4th 364, 372 (5th Cir. 2024) (quoting *E. Concrete Materials, Inc. v. ACE Am. Ins. Co.*, 948 F.3d 289, 296 (5th Cir. 2020)). General jurisdiction, on the other hand, exists "when a

MEMORANDUM OPINION AND ORDER – PAGE 2

defendant's contacts with the forum state are unrelated to the cause of action but are 'continuous and systematic.'" *Admar*, 18 F.4th at 786 (quoting *Mink v. AAA Dev. LLC*, 190 F.3d 333, 335 (5th Cir. 1999)).

The Fifth Circuit has not ruled on which party bears the burden on a Rule 12(b)(3) motion, but "most district courts within this circuit have imposed the burden of proving that venue is proper on the plaintiff once a defendant has objected to the plaintiff's chosen forum." *Galderma Lab'ys, L.P. v. Teva Pharm. USA, Inc.*, 290 F. Supp. 3d 599, 605 (N.D. Tex. 2017) (collecting cases). District courts accept the well-pleaded facts in a plaintiff's complaint as true in the Rule 12(b)(3) context "to the extent that such facts are uncontroverted by [a] defendant's affidavit." *Kranos IP Corp. v. Riddell, Inc.*, 2017 WL 3704762, at *2 (E.D. Tex. 2017).

### III.  VENUE IS PROPER UNDER 28 U.S.C. § 1391(B)(1)

Henderson County and SHP move for dismissal, arguing that venue is improper in the Northern District of Texas, Dallas Division. The Northern District of Texas, Dallas Division, is a proper venue if it is "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located." 28 U.S.C. § 1391(b)(1). First, the Court finds that all Defendants are residents of Texas. Olvera alleges that Taft PLLC, Philip K. Taft, and Kevin Jeffries are residents of Texas, Pl.'s Compl. ¶¶ 6–8, and Henderson County is in Texas.[1]  *Id.* ¶ 9. And SHP does not

---

[1] SHP argues that a Texas statute requires that Henderson County only be sued in Henderson County, SHP's Br. 2–3, but does not explain why the Court should apply the Texas venue statute instead of the federal venue statute. Accordingly, the Court rejects this argument.

MEMORANDUM OPINION AND ORDER – PAGE 3

dispute that because it is subject to specific personal jurisdiction in Texas, it is a resident of Texas for venue purposes; it purposely established minimum contacts in Texas by conducting business in carceral facilities throughout the State, and Olvera's cause of action arises out of these contacts. Pl.'s Compl. ¶¶ 10, 12. Second, Taft PLLC and Philip R. Taft reside in Corsicana, Texas, which is in the Northern District of Texas, Dallas Division. *Id.* ¶¶ 6–7.

Accordingly, because all Defendants reside in Texas and some Defendants reside specifically in the Northern District of Texas, Dallas Division, venue is proper under section 1391(b)(1). Thus, the Court denies the motions to dismiss for improper venue.

### IV. STANDARD FOR TRANSFER OF VENUE

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ." 28 U.S.C. § 1404(a). In the Fifth Circuit, district courts have "broad discretion in deciding whether to order a transfer." *Caldwell v. Palmetto State Sav. Bank of S.C.*, 811 F.2d 916, 919 (5th Cir. 1987). When considering a motion to transfer, district courts must consider "private and public interest factors, 'none of which can be said to be of dispositive weight.'" *In re Volkswagen of Am., Inc.*, 506 F.3d 376, 380 (5th Cir. 2007) (en banc) (quoting *Action Indus., Inc. v. U.S. Fid. & Guar. Co.*, 358 F.3d 337, 340 (5th Cir. 2004)). The private interest factors include: (1) access to sources of proof; (2) the availability of the compulsory process power; (3) costs to witnesses of appearing; and (4) any other practical considerations affecting the ease and expense of trial. *Id.* The public interest factors include: (1) judicial economy; (2) the local interest in having localized

interests decided at home; (3) forum familiarity with the law at issue; and (4) problems arising from conflicts of law. *Id.*

In general, a plaintiff's "choice of forum is entitled to deference" such that the burden falls on the party seeking a transfer to show "good cause" as to why the case should be relocated. *Id.* at 384. Accordingly, when "the transferee forum is no more convenient than the chosen forum, the plaintiff's choice should not be disturbed. When the transferee forum is clearly more convenient, a transfer should be ordered." *Id.*

### V. THE COURT DECLINES TO TRANSFER THE CASE

Alternatively, Henderson County and SHP move for a venue transfer to the Eastern District of Texas, Tyler Division. The Court holds that Henderson County and SHP cannot show good cause for transfer because venue in the Eastern District of Texas, Tyler Division, would not be clearly more convenient than in this District.

First, the private interest factors do not clearly favor transfer. Because the drive from Henderson County to the Northern District of Texas, Dallas Division, is not significantly farther than the drive to the Eastern District of Texas, Tyler Division, it is not much more convenient to transport any physical evidence stored at Henderson County Jail to the Tyler Division than the Dallas Division. Relatedly, it is not significantly more burdensome for witnesses from Henderson County to drive to the Dallas Division than the Tyler Division. And for potential out-of-state witnesses, such as SHP representatives, the Dallas Division is more convenient as it is closer to a major airport. The Dallas Division is also closer to witnesses from Corsicana, Texas. Accordingly, a transfer would be neutral

MEMORANDUM OPINION AND ORDER – PAGE 5

at best regarding the costs to witnesses of appearing. Additionally, witnesses residing in Henderson County are within the subpoena power of both the Tyler and Dallas Divisions.

Second, the public interest factors do not favor transfer. Transfer would not affect judicial economy. Further, regarding local interests being decided locally, two of the five defendants are "at home" in the Dallas Division, and Texas residents in general have a vested interest in the operations of Texas jails. Moreover, there is no relevant conflict of law between the Districts, and the Northern District of Texas is just as familiar with the law that will govern this case as the Eastern District of Texas. Accordingly, because venue in the Eastern District of Texas, Tyler Division, would not be clearly more convenient than in the Northern District of Texas, Dallas Division, the Court denies the motions to transfer.

## Conclusion

Because the Northern District of Texas, Dallas Division, is a proper venue and Henderson County and SHP fail to show good cause for transfer, the Court denies the motions to dismiss or transfer.

Signed November 26, 2024.

David C. Godbey
Chief United States District Judge