IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ADRIANE OLVERA,<br><br>Plaintiff,<br><br>v.<br><br>HENDERSON COUNTY, TEXAS, *et. al.*,<br><br>Defendants. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 3:24-CV-01285-N |

**MEMORANDUM OPINION AND ORDER**

This Order addresses Defendants Philip R. Taft, Philip R. Taft, Psy.D & Associates, PLLC, and Kevin Jeffries's (collectively "Taft Defendants") motion for judgment on the pleadings [77]. Because Olvera failed to plead facts sufficient to state either a plausible claim of negligence or of gross negligence against them, the Court grants the motion for judgment on the pleadings for the Taft Defendants. The Court also denies the Taft Defendants' motion for summary judgment as moot [98].

## I. Origins of the Motions

This is a jail conditions case. Olvera was arrested and taken into custody at the Henderson County jail on May 24, 2022. Pl.'s Compl. ¶ 13 [1]. After jail personnel determined that Olvera might be at risk of self-harm, Olvera was placed in a "violent cell" ("VC"), a suicide prevention cell devoid of furniture, running water, a toilet, toilet paper, or shower. *Id*. The alleged facts associated with Olvera's detention have been previously documented and are not recounted here. *See generally Olvera v. Henderson Cnty., et. al.*,

2026 WL 692704 (N.D. Tex. 2026). Olvera brings claims of negligence and a violation of her rights under 42 U.S.C. § 1983 against Defendant Henderson County, and a negligence claim against the Taft Defendants.[1] Pl.'s Compl. ¶¶ 3–4, 6–10.

## II. RULE 12(C) LEGAL STANDARD

Federal Rule 12(c) provides that "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED. R. CIV. P. 12(c). "A motion brought pursuant to Fed. R. Civ. P. 12(c) is designed to dispose of cases where the material facts are not in dispute and a judgment on the merits can be rendered by looking to the substance of the pleadings and any judicially noticed facts." *Hebert Abstract Co. v. Touchstone Props., Ltd.*, 914 F.2d 74, 76 (5th Cir. 1990). The standard for dismissal on the pleadings under Rule 12(c) is the same as that for dismissal for failure to state a claim under Rule 12(b)(6). *See Ackerson v. Bean Dredging, LLC*, 589 F.3d 196, 209 (5th Cir. 2009). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Doe v. Myspace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008) (quoting *Hughes v. Tobacco Inst., Inc.*, 278 F.3d 417, 420 (5th Cir. 2001)). To avoid dismissal, a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[1] The Court previously granted Defendant SHP's motion for judgment on the pleadings and granted the Taft Defendants' motion for judgment on the pleadings regarding Olvera's Section 1983 claims. *See* Mem. Op. & Order [73].

A court generally accepts well-pled facts as true and construes the complaint in the light most favorable to the plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir. 2007). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. (internal citations omitted).

### III. The Court Grants the Taft Defendants' Motion for Judgment on the Pleadings for State Claims

Olvera has failed to plead facts sufficient to state either a plausible claim of negligence or of gross negligence against the Taft Defendants. Accordingly, the Court grants the Taft Defendants' motion for judgment on the pleadings as to both the state law claims. Under Texas law, to properly plead negligence, a plaintiff must show that: "(1) the defendant had a duty to comply with a specific standard of care; (2) the defendant breached that duty of care; (3) the plaintiff was injured; and (4) the defendant's breach proximately caused the plaintiff's injury." *Landry v. Texas Dep't of Crim. Just.*, 2020 WL 3077562, at *12 (S.D. Tex. 2020*), aff'd sub nom. Landry v. Laborde-Lahoz*, 852 F. App'x 123 (5th Cir. 2021) (unpublished) (citing *Price v. Divita*, 224 S.W.3d 331, 336 (Tex. App. — Houston [1st Dist.] 2006, pet. denied)).

First, Olvera has failed to plead that the Taft Defendants breached a duty with regards to her confinement in the VC. Olvera alleges that the Taft Defendants, as contracted medical providers, had duties to provide competent care to Olvera during her detention at Henderson County Jail. Pl.'s Compl. ¶ 103. This included, she argues, a duty to mitigate Olvera's injuries even if none of the Taft Defendants could release her from the VC. Pl.'s Resp. 8 [82]. However, this Court previously found that *only* Henderson County had a duty to release Olvera from the VC or to improve the conditions of her protective confinement. *See* Mem. Op. & Order 8 [73]. Moreover, even if there was a duty, the Taft Defendants did not breach it – this Court previously found that Jeffries (and implicitly, the other Taft Defendants by way of Jeffries' employment) provided Olvera with "adequate mental health care." *See id.* Accordingly, Olvera's complaint fails to satisfy the elements of duty and of breach.

Second, Olvera's pleadings fail to sufficiently allege that the Taft Defendants proximately caused Olvera's injury. Proximate cause requires both cause in fact and foreseeability. *McClure v. Allied Stores of Tex., Inc.*, 608 S.W.2d 901, 903 (Tex. 1980). "A defendant is the cause-in-fact of a plaintiff's injury only if the defendant's breach of the standard of care 'was a substantial factor in causing the injury without which the harm would not have occurred.'" *Landry*, 2020 WL 3077562, at *12 (quoting *Rio Grande Reg'l Hosp., Inc. v. Villarreal*, 329 S.W.3d 594, 607 (Tex. App. – Corpus Christi-Edinburg 2010)). As said, the correctional staff and officers, not the Taft Defendants, entirely controlled Olvera's confinement and housing conditions, which Olvera concedes. Pl.'s Comp. ¶ 73. Thus, any action or inaction on behalf of the Taft Defendants cannot be deemed a

"substantial factor" causing her injuries. Therefore, the complaint fails to sufficiently allege the required element of proximate cause.

The Court concludes that Olvera fails to allege adequately her state law negligence claim against any of the Taft Defendants. Moreover, because a finding of ordinary negligence is a prerequisite to a finding of gross negligence, the Court also finds that Olvera has also failed to allege the state law gross negligence claim. *See Jezek v. R.E. Garrison Trucking, Inc.*, 637 F. Supp. 3d 445, 453 (N.D. Tex. 2022) ("A finding of gross negligence . . . would require predicate, individualized, and affirmative findings on the elements of ordinary negligence for that claim."). Accordingly, the Court grants the Taft Defendants' motion for judgment on the pleadings as to both claims. Because the Court grants the motion for judgment on the pleadings for the state negligence and gross negligence claims, the Court denies the Taft Defendant's motion for summary judgment as moot. Def.'s Mot. for Summ. J. [98].

## CONCLUSION

For the foregoing reasons, the Court grants the Taft Defendants' motion for judgment on the pleadings [77]. The Court also denies the Taft Defendants' motion for summary judgment as moot [98].

Signed September 8, 2026.

David C. Godbey
Senior United States District Judge